UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| KEVIN PAGE, Personal Representative of the Estate of Marvin H. Page, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>)  Case No. 1:06-cv-245 |
| v. | )<br>)  Honorable Gordon J. Quist |
| RONALD SLAGH, et al., | )<br>)<br>) |
| Defendants. | )<br>) |

**ORDER DENYING MOTION TO MODIFY CASE MANAGEMENT ORDER**

Presently pending before the court is plaintiffs' motion to modify the case management order, to extend the time in which plaintiffs may serve their expert witness reports from October 15, 2006, to October 29, 2006. Judge Gordon J. Quist has referred plaintiffs' motion to me pursuant to 28 U.S.C. § 636(a)(1)(A). Plaintiffs' motion seeks expedited consideration, a circumstance completely of plaintiffs' own creation, as the motion was filed only two days before the expiration of the deadline established in the case management order.

Under Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling order may not be modified "except upon a showing of good cause." "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005) (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)). The court should also consider

possible prejudice to the party opposing the modification. *Id.* at 830. In the present case, counsel for the Slagh defendants oppose the motion, asserting both a lack of diligence and the existence of prejudice. For the reasons set forth below, the court determines that plaintiffs' motion should be denied.

Judge Quist has remarked that the good-cause standard of Rule 16(b) is "an exacting one," and that it demands "a demonstration that the existing schedule 'cannot reasonably be met despite the diligence of the party seeking the extension.'" *Amoco Pipeline Co. v. Herman Drainage Sys., Inc.*, 212 F. Supp. 2d 710, 730-31 (W.D. Mich. 2002) (quoting advisory committee notes, FED. R. CIV. P. 16 (1983 amend.)). In the present case, plaintiffs attempt to establish good cause by reliance on an alleged delay by the Slagh defendants in producing certain financial documents in response to a discovery request. It appears from the record, however, that plaintiffs did not propound their discovery requests until September 7, 2006. Under the Federal Rules, defendant's time to respond to the Rule 34 request expired on October 10, 2006, only five days before plaintiffs' expert report were due. The documents themselves were apparently produced within two days of service of the response, an act that the court could not possibly deem to be dilatory. Consequently, it appears to the court that plaintiffs waited until the last minute to serve the Rule 34 request, leaving no margin for error. This can hardly be deemed diligent. Furthermore, plaintiffs do not explain to the court why the alleged delay in production of financial records in any way impeded plaintiffs' ability to produce Rule 26(a)(2) reports from their expert witnesses, except for the bald assertion that review of the documents is somehow necessary as a prerequisite for the production of the report. The vague assertion that "certain relevant financial documents" are "necessary" prior to finalizing expert witness reports does not begin to establish good cause for the relief sought.

Furthermore, the court credits defendants' assertion of prejudice. Defendants represent to the court that the depositions of plaintiffs' experts are now scheduled for early November, and that it was time-consuming to establish these dates. Plaintiffs now propose to delay production of Rule 26(a)(1) reports until the eve of those depositions. To the extent that an analysis of prejudice is relevant under Sixth Circuit authority, plaintiffs have not persuaded the court that this factor weighs in their favor.

For the foregoing reasons:

IT IS ORDERED that plaintiffs' motion to modify the case management order (docket # 48) be and hereby is DENIED.

DONE AND ORDERED this 13th day of October, 2006.

/s/  Joseph G. Scoville
United States Magistrate Judge