UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ESTATE OF MARVIN H. PAGE, et al.,

        Plaintiff,                         Case No. 1:06-CV-245

v.                                           HON. GORDON J. QUIST

RONALD SLAGH, et al.,

        Defendants.
_____/

## MEMORANDUM OPINION AND ORDER

In accordance with the discussion on the record during the oral argument of December 7, 2006, the parties filed briefs regarding whether the Court should abstain in this matter due to post-judgment supplemental proceedings in a related matter occurring in Michigan state court. After reviewing the briefs, the Court will not abstain for the following reasons.

The parties agree that the applicable standard for deciding whether to abstain from this case was set forth by the Supreme Court in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S. Ct. 1236 (1976). The threshold question is whether the proceedings in state and federal court are parallel. To be parallel, the cases need not be the same, but they must be "substantially similar." *Romine v. Compuserve Corp.*, 160 F.3d 337, 340-41 (6th Cir. 1998) (citing *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989)). Parallel proceedings exist "when substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1288 (7th Cir. 1988); *Royal and Sun Alliance Ins. Co. of Canada v. Century Intern. Arms, Inc.*, 466 F.3d 94 (2d Cir. 2006). The Court finds that the state and federal court cases in this matter are not parallel proceedings.

The state court claims involved the negligence, negligent entrustment, gross negligence, vicarious liability, and willful and wanton conduct of Ronald and Joshua Slagh. The federal court claims allege breaches of the Michigan Uniform Fraudulent Transfers Act ("MUFTA"), conspiracy/fraud, and fraudulent conveyances under a proceeding supplementary to judgment. There are ten defendants in the federal case, including Ronald Slagh, the only one who was also named in the state court proceedings.

Unlike the federal court, the state court was not asked to examine transactions between the Defendants under the MUFTA. There were two actions in the state court case dealing with the MUFTA. First, prior to obtaining the state court judgment, the Plaintiffs filed a motion asking the state court to temporarily restrain Ronald Slagh's assets during the pendency of the action, claiming that Ronald Slagh made a stock transfer in violation of the MUFTA. Second, in response to intervening defendant Macatawa Bank's complaint, the Plaintiffs counterclaimed that Macatawa Bank violated the MUFTA. Ronald Slagh argues that these actions render the state court proceedings parallel to the federal court proceedings. However, the Plaintiffs never filed a complaint in state court against any of the Defendants in the federal case alleging violations of the MUFTA or other acts of fraud. The dispute with Macatawa Bank was dismissed by stipulation and Macatawa Bank is not a party to the federal claim. There is no state court proceeding between the federal court parties involving claims under the MUFTA or analyzing whether conveyances between the Defendants were fraudulent.

Ronald Slagh also argues that, while Ronald and Joshua Slagh were the only defendants in the original state court action, the supplementary proceedings have enabled the Plaintiffs to obtain writs of garnishment against most of the federal court Defendants. However, these garnishments

only apply to monies due Ronald Slagh. There is no evidence that the state court is addressing the Plaintiffs' federal court claims of MUFTA violations by the Defendants.

Defendant Bouwens argues that the remedies sought by the Plaintiffs "could have been asserted in state court," and that the Plaintiffs "could have filed an entirely new cause of action against all of the federal court defendants, or could have filed a motion amending the supplementary proceedings to include claims against all of the defendants named in this federal court action." (Bouwens Reply Br. Regarding Abstention Doctrine 5, 7.) Whether a claim could have been asserted is not relevant in determining whether claims are parallel. *Baskin v. Bath Twp. Bd. of Zoning Appeals*, 15 F.3d 569, 572 (6th Cir. 1994) ("While it may be true, as the [defendant] maintains, that [the state court proceeding] *could* be modified so as to make it identical to the current federal claim, that is not the issue here. The issue is whether [the state court proceeding], as it *currently* exists, *is* a parallel, state-court proceeding." (quoting *Crawley v. Hamilton County Comm'rs*, 744 F.2d 28, 31 (6th Cir. 1984))). As the proceedings currently exist, they are not parallel.

Therefore, because there is no parallel state court proceeding on the issue of whether the Defendants made fraudulent conveyances under the MUFTA or committed other acts of fraud, the Court will exercise its jurisdiction over the case.

**IT IS SO ORDERED**.


Dated: March 9, 2007               /s/ Gordon J. Quist
                                    GORDON J. QUIST
                                    UNITED STATES DISTRICT JUDGE